1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10
11
12
13
14
15
16
17

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$10,705 IN UNITED STATES CURRENCY, AND ANY ACCRUED INTEREST,<br><br>Defendant. | CASE NO. CV23-073<br><br>**VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

18
### I.   NATURE OF THE ACTION

19      1.      This is a civil *in rem* action for the forfeiture of $10,705 in U.S. currency

20   seized during execution of an arrest warrant of Boris Armando Ruiz and a search of his

21   hotel room in Des Moines, Washington, on August 17, 2022 (hereafter, the "Defendant

22   Currency").

23
### II.   LEGAL BASIS FOR FORFEITURE

24      2.      The Defendant Currency is forfeitable pursuant to 21 U.S.C. § 881(a)(6) for

25   violations of 21 U.S.C. § 841(a)(1) (unlawful distribution of a controlled substance).

26   Specifically, counsel for the United States has a reasonable belief the government will be

27

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 1
*United States v. $10,705 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

able to prove, to a preponderance at trial, that the Defendant Currency represents proceeds from the sale of controlled substances.

### III.    JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 (United States is plaintiff) and 1355(a) (action for forfeiture).

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1355(b)(1)(A) (acts giving rise to the forfeiture occurred in this district) and 28 U.S.C. § 1395(b) (the Defendant Currency was seized in this district).

5.      A Washington Department of Corrections (DOC) warrant that was issued on May 27, 2022, authorized the arrest of Boris Armando Ruiz. On August 17, 2022, law enforcement officers, including DOC officers and officers with the United States Marshals Service (USMS) Violent Offender Task Force (VOTF) arrested Ruiz at a hotel in Des Moines, Washington. Investigators searched Ruiz's hotel room pursuant to DOC search authority and discovered a distribution quantity of suspected fentanyl pills and the Defendant Currency.  A Seattle Police Department (SPD) officer, who is also a Task Force Officer (TFO) with the USMS VOTF, seized the Defendant Currency. The Defendant Currency was turned over to SPD, and subsequently transferred to federal custody, where it now remains.

6.      As provided in Supplemental Rule G(3)(b)(i), the Clerk of Court is required to issue a warrant to arrest the Defendant Currency if it is in the government's possession, custody, or control. As such, the Court will have *in rem* jurisdiction over the Defendant Currency when the accompanying Warrant of Arrest *in Rem* is issued, executed, and returned to the Court.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 2
*United States v. $10,705 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV.    FACTUAL BASIS FOR FORFEITURE

**A.    Background on Ruiz**

7.      According to a printout of Ruiz's criminal history and court records, Ruiz's criminal history includes, but is not limited to, the following: on January 27, 2017, Ruiz was sentenced in Pierce County Superior Court for the offenses of Assault in the Third Degree under cause number 16-1-04932-1, and Unlawful Solicitation to Possess a Controlled Substance with Intent to Deliver and Bail Jumping under cause number 16-1-00169-8. Ruiz was sentenced to 27.75 months in custody to be followed by 27.75 months on community custody for the offense of Assault in the Third Degree. Ruiz was sentenced to 26.25 months in custody for the offense of Unlawful Solicitation to Possess a Controlled Substance with Intent to Deliver and 27.75 months in custody for the offense of Bail Jumping, to be followed by 27.75 months of community custody. The sentences imposed were to run concurrently. Ruiz's community custody was to be served under the supervision of the Washington Department of Corrections (DOC).

8.      According to court and law enforcement records related to Ruiz's supervision by DOC, Ruiz was directed to immediately report to his assigned DOC Community Corrections Officer (CCO) upon his release from prison on February 13, 2021. However, Ruiz failed to report to his CCO and a felony escape warrant was issued for his arrest. On October 28, 2021, Ruiz was taken into custody and, upon his release on November 4, 2021, he was again directed to report to his assigned DOC CCO, which he did on November 5, 2021.

9.      As of November 5, 2021, Ruiz was actively supervised by DOC. Ruiz reported to a DOC field office and signed his DOC conditions, requirements, and instructions form. Ruiz acknowledged his obligations and agreed to comply with the conditions of his supervision. Ruiz signed his conditions agreements and was provided with copies of all conditions.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 3
*United States v. $10,705 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10.     The conditions of supervision to which Ruiz agreed included an admonition that he be subject to searches by DOC and that he was prohibited by law from owning, possessing, receiving, shipping, or transporting a firearm, ammunition, or explosives. Additionally, Ruiz was prohibited from using, possessing or consuming controlled substances without a lawfully issued prescription.

11.     After being released by his CCO, Ruiz repeatedly failed to report as directed to his regular DOC appointments, which resulted in community custody violations and the issuance of numerous felony Escape Community Custody warrants. One such event resulted in Ruiz serving a term of confinement in the South Correctional Entity (SCORE) jail in May of 2022. Ruiz was released from SCORE on May 26, 2022, and was directed to immediately report to his DOC CCO. Again, Ruiz failed to report, and a DOC felony escape warrant was again issued for his arrest on May 27, 2022.

**B.     Ruiz's Arrest on August 17, 2022**

12.     According to law enforcement reports, on August 17, 2022, at approximately 5:00 p.m., members of the USMS VOTF, along with DOC officers, conducted a warrant apprehension operation to locate and arrest Ruiz on his outstanding DOC warrant. Information was developed that Ruiz was residing at the Red Lion Hotel, located at 22845 Pacific Highway South, Des Moines, King County, Washington, in room 115. Members of the task force also learned that Ruiz's vehicle was a black BMW 645 two-door convertible and that he was reportedly dealing drugs out of the hotel, specifically, blue "M30" fentanyl pills.

13.     Upon their arrival at the hotel, task force members observed that Ruiz's reported vehicle, which was a 2005 black BMW 645 with Washington license plate CCW5147, registered to "Armando Ruiz" (which are the middle and last names for Ruiz), was present in the hotel parking lot. A plan was developed for contacting room 115 to arrest Ruiz. As the team began to move into place, before any contact was made, Ruiz walked out of the back door of the hotel. A task force member spoke with Ruiz

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 4
*United States v. $10,705 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

outside the hotel. Ruiz initially denied his name was Boris Ruiz; he claimed to be Richard Ruiz, which is the name of Ruiz's brother. He later acknowledged his true identity as Boris Ruiz. Task force members arrested Ruiz and advised him of his constitutional warnings.

14.     Ruiz admitted to one of the task force officers that he consumed methamphetamine earlier in the day.  Based on this admission, reasonable suspicion was developed that Ruiz violated his DOC conditions of supervision prohibiting the use or possession of controlled substance. A search under DOC jurisdiction and authority was conducted of his hotel room for evidence of supervision violations. Before initiating the search, task force members and DOC officers learned that Ruiz moved from room 115 into room 117 several days before, according to the hotel manager. Additionally, Ruiz stated he was currently living in room 117, a Red Lion staff member told officers that Ruiz had moved from 115 into 117, and a keycard which unlocked room 117 was located in Ruiz's pocket when he was contacted. Based on the aforementioned, it was determined that room 117 would be the focus of the search.

15.     During the search, officers recovered several hundred pills consistent with the appearance of blue "M30" fentanyl pills, several hard white colored rocks consistent with the appearance of crack cocaine, and a large amount of United States currency, subsequently determined to be $10,705 in currency (*i.e.*, the Defendant Currency). The Defendant Currency was rubber banded in a manner that appeared consistent with how drug traffickers commonly rubber band their cash drug proceeds. A photo of the Defendant Currency, as found in Ruiz's hotel room, is set forth below:

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 5
*United States v. $10,705 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18       16.    Additionally, post-*Miranda*, Ruiz later estimated that he had roughly 800

19   pills and roughly $10,000 in cash (presumably referring to the Defendant Currency). Ruiz

20   also stated, post-*Miranda*, that he had been selling drugs to live and to pay for his room.

21   Furthermore, after initially denying having any firearms in his vehicle, Ruiz eventually

22   stated, post-*Miranda*, that he had a 9mm caliber pistol in his vehicle.

23       17.    Based on Ruiz's statements about the contents of his vehicle, task force

24   members decided to seize the vehicle and apply for a search warrant. USMS TFO Scott

25   Miller, who is also a commissioned SPD officer, took custody of the suspected narcotics

26   and cash (the Defendant Currency) that were located inside the hotel room and seized the

27

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 6
*United States v. $10,705 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  vehicle, pending application and obtention of a search warrant. Ruiz was subsequently

2  booked into SCORE jail on his DOC warrant.

3  TFO Miller and TFO/DOC Officer Sam Padula processed the seized currency (the

4  Defendant Currency) and narcotics evidence and submitted it into SPD Evidence. The

5  seized evidence from room 117 included approximately 1113.0 units of suspected blue

6  "M30" fentanyl pills; approximately 36.1 grams of suspected fentanyl (field tested

7  positive utilizing a TruNarc tester for fentanyl, indicating that the device revealed a

8  positive hit for Acetaminophen (Paracetamol) and could not rule out the presence of a

9  narcotic, which is consistent with how the machine may respond to the presence of

10  fentanyl); $10,705.00 in U.S. currency (the Defendant Currency); and two cellular

11  phones (Samsung and Motorola brands). This quantity of suspected blue "M30" fentanyl-

12  laced pills far exceed "user quantities" of narcotics and is an amount consistent with

13  amounts used for distribution of narcotics. The photograph, below, shows the suspected

14  fentanyl pills and Defendant Currency that were recovered from Ruiz's hotel room:

15

16

17

18

19

20

21

22

23

24

25

26

27

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 7
*United States v. $10,705 in U.S. Currency, and Any Accrued Interest*



18.     On August 18, 2022, TFO Miller applied for and obtained a search warrant for Ruiz's vehicle, the 2005 black BMW 645 with Washington license plate CCW5147, which was impounded to the SPD evidence garage. The warrant was authorized and signed the same day by King County Superior Court Judge Matthew Lapin.

19.     TFO Miller and Special Deputy United States Marshal (SDUSM) John Westland executed the warrant on the vehicle in the SPD Evidence Vehicle Processing Room.  The following items were recovered from the vehicle:

- Ruger, Model LCP, .380 ACP caliber pistol, bearing serial number 372178308, with a magazine containing five (5) rounds of 9mm caliber

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 8
*United States v. $10,705 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   ammunition and a holster, found on the front floorboard under the driver's

2   seat;

3   • Glock 9mm caliber magazine with five (5) rounds of 9mm caliber

4   ammunition, found in the trunk in a cardboard box; and

5   • Unknown brand 12-round 9mm magazine loaded with 11 rounds of 9mm

6   caliber ammunition, found in the trunk in a cardboard box.

7   20.   The seized evidence recovered from the vehicle was processed and

8   submitted into SPD evidence by TFO Miller. A photograph of the seized Ruger pistol is

9   pasted below.



19   **C.   Complaint and Indictment**

20   21.   On December 1, 2022, a Complaint was sworn in *United States v. Boris*

21   *Armando Ruiz*, before U.S. Magistrate Judge S. Kate Vaughan, in the Western District of

22   Washington, charging Ruiz with Felon in Possession of a Firearm, in violation of Title

23   18, United States Code, Section 922(g)(1) (Count 1), Felon in Possession of Ammunition,

24   in violation of Title 18, United States Code, Section 922(g)(1) (Count 2), and Possession

25   of a Controlled Substance with Intent to Distribute, in violation of Title 21, United States

26

27

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 9
*United States v. $10,705 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Code, Sections 841(a)(1) and 841(b)(1)(B) (Count 3). The Complaint was assigned cause no. MJ22-577. *See* CR22-207 JCC Dkt. No. 1.

22.    On December 7, 2022, an Indictment was returned in *United States v. Boris Armando Ruiz*, by a federal grand jury in the Western District of Washington. The Indictment charged Ruiz with Unlawful Possession of a Firearm and Ammunition, in violation of Title 18, United States Code, Section 922(g)(1) (Count 1) and Possession of a Controlled Substance with Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) (Count 2). This matter was assigned cause no. CR22-207 JCC. *See* CR22-207 JCC Dkt. No. 3.

23.    The Indictment included a forfeiture allegation providing notice of the United States' intent to pursue forfeiture upon Ruiz's conviction of the charged offenses. *See* CR22-207 JCC Dkt. No. 3. The allegation provided notice that the United States was seeking forfeiture of (i) any firearms and ammunition involved in the offense charged in Count 1, pursuant to 18 U.S.C. § 924(d)(1), by way of Title 28, United States Code, Section 2461(c), and (ii) proceeds of, and facilitating property for, the offense charged in Count 2, including the Defendant Currency. *Id.*

**C.    Status of the Defendant Currency**

24.    Administrative forfeiture proceedings have not been initiated against the Defendant Currency.

25.    In light of Ruiz's statements to officers, the proximity of the Defendant Currency to suspected fentanyl pills in a distribution quantity, and the manner in which Defendant Currency was rubber-banded, it is believed that the Defendant Currency are cash drug proceeds from Ruiz's prior drug sales.

## V.    REQUEST FOR RELIEF

26.    As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial. More specifically, these facts support a reasonable belief that

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 10
*United States v. $10,705 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   the United States will be able to prove, at trial, that the Defendant Currency represents

2   proceeds from the sale of controlled substances, in violation of 21 U.S.C. § 841(a)(1),

3   which renders it forfeitable pursuant to 21 U.S.C. § 881(a)(6).

4         WHEREFORE, the United States respectfully requests:

5         1.    A warrant issue for the arrest of the Defendant Currency;

6         2.    That due notice be given to all interested parties to appear and show cause

7               why the Defendant Currency should not be forfeited;

8         3.    The Defendant Currency be forfeited to the United States for disposition

9               according to law; and,

10        4.    For such other and further relief as this Court may deem just and proper.

11

12        DATED this 13th day of January, 2023.

13

14                           Respectfully submitted,

15                           NICHOLAS W. BROWN
                             United States Attorney

16

17                           Karyn S Johnson

18                           KARYN S. JOHNSON
                             Assistant United States Attorney

19                           United States Attorney's Office

20                           700 Stewart Street, Suite 5220
                             Seattle, Washington 98101

21                           (206) 553-2242
                             Karyn.s.johnson@usdoj.gov

22

23

24

25

26

27

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 11
*United States v. $10,705 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

## **VERIFICATION**

2

3    I, Catherine Cole, am a Special Agent with the Bureau of Alcohol, Tobacco,

4    Firearms and Explosives in Seattle, Washington. I furnished the investigative facts

5    contained in the foregoing Verified Complaint for Forfeiture *In Rem*. The investigative

6    facts are based on personal knowledge I obtained from my involvement in the underlying

7    investigation, my review of the relevant investigative material, other law enforcement

8    officers involved in the investigation, other reliable official government sources, and my

9    own training and experience.

10    I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746,

11    that I have read the foregoing Verified Complaint for Forfeiture *In Rem*, that I know its

12    contents, and that the facts it contains are true and correct to the best of my knowledge.

13

14    Executed this 13th day of January, 2023.

15

16

17    CATHERINE COLE   Digitally signed by CATHERINE COLE
                        Date: 2023.01.13 14:05:36 -08'00'

18    CATHERINE COLE
      Special Agent

19    Bureau of Alcohol, Tobacco, Firearms and
      Explosives

20

21

22

23

24

25

26

27